UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HENRY E. YOUNG,

                Plaintiff,

  v.

CLALLAM BAY CORRECTIONS CENTER, *et al.*,

                Defendants.

No. 08-5717RJB/JRC

REPORT AND RECOMMENDATION

NOTED FOR:
June 19, 2009

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4. Plaintiff is proceeding *in forma pauperis* (Dkt. # 4). Before the Court is defendant's motion to dismiss for failure to exhaust administrative remedies (Dkt. # 12). Having reviewed the complaint, the motion to dismiss with its attachments, and the response, the court recommends that the motion be GRANTED and that this action be DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies prior to filing the action.

## FACTS

Plaintiff is a Washington State inmate. He alleges the named defendants took seventy-five dollars from the wrong account to pay a postage bill (Dkt. # 5). Defendants move to dismiss

Report and Recommendation- 1

for failure to exhaust administrative remedies (Dkt # 12). Plaintiff did not respond to the motion. Defendants have offered the affidavit of Devon Schrum. The affidavit states that plaintiff did not exhaust his grievance regarding this incident (Dkt. # 12, exhibit 1).

## STANDARD OF REVIEW

The burden of pleading and proving failure to exhaust administrative remedies in the civil rights context is normally defendants. The court may consider evidence outside the pleading without converting the motion to a motion for summary judgment. Wyatt v. Terhune, 315 F3d. 1108 (9th Cir. 2003). A motion to dismiss for failure to exhaust administrative remedies falls within the unenumerated motions in FRCP 12(b).

## DISCUSSION

The Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies prior to filing a complaint in federal court. The relevant portion of the act states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The act applies to plaintiff. The United States Supreme Court determined that Congress enacted the provision in order to reduce the quantity and improve the quality of prisoner suits. Porter v. Nussle, 534 U.S. 516 (2002). By mandating exhaustion, Congress enabled corrections officials to address prisoner complaints internally. Where exhaustion was once discretionary, it is now mandatory. "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter v. Nussle, 534 U.S. 516 (2002) (quoting Booth v. Churner, 532 U.S. 731, 739 (2001)). The Porter Court ruled

that "§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." Porter, 534 U.S. at 520.

There is nothing contained in the complaint or any of the pleadings to prove that Plaintiff failed to exhaust Administrative remedies. Therefore, the court concludes that Plaintiff has failed to exhaust available remedies prior to filing this action. Accordingly, this action should be **DISMISSED WITHOUT PREJUDICE**.

## CONCLUSION

This Court recommends that the motion to dismiss for failure to exhaust administrative remedies be GRANTED. This dismissal should be DISMISSED WITHOUT PREJUDICE and would not count as a strike pursuant to 28 U.S.C. 1915(g). Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also,* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 19, 2009,** as noted in the caption.

DATED this 26th day of May, 2009.

J. Richard Creatura
United States Magistrate Judge

Report and Recommendation- 3